BGK:TRP
F. #2017R01691

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

     - against -

ISKYO ARONOV,

          Defendant.

– – – – – – – – – – – – – – – – – X

PRELIMINARY ORDER OF FORFEITURE

19-CR-408 (MKB)

WHEREAS, on or about July 9, 2022, Iskyo Aronov (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Two of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1349; and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of twenty-four million five hundred fifty-four thousand two hundred forty-three dollars and zero cents ($24,554,243.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets:

    (i)    The real property and premises located at 120 Marcus Garvey Blvd, Brooklyn, New York 11206, and all proceeds traceable thereto;

    (ii)    The real property and premises located at 318A Hart Street, Brooklyn, New York 11206, and all proceeds traceable thereto;

    (iii)    The real property and premises located at 354 Stuyvesant Avenue, Brooklyn, New York 11233, and all proceeds traceable thereto;

    (iv)    The real property and premises located at 223-38 109th Avenue, Queens Village, New York 11429, and all proceeds traceable thereto;

(v)     the real property and premises located at 230 Schenectady Avenue, Brooklyn, New York 11213, and all proceeds traceable thereto;

(vi)    the real property and premises located at 296 Fenimore Street, Brooklyn, New York 11225, and all proceeds traceable thereto;

(vii)   the real property and premises located at 769 Macdonough Street, Brooklyn, New York 11233, and all proceeds traceable thereto;

(viii)  the real property and premises located at 56 Mother Gaston Blvd., Brooklyn, New York 11233, and all proceeds traceable thereto;

(ix)    the real property and premises located at 94 Monroe Street, Brooklyn, New York 11216, and all proceeds traceable thereto;

(x)     the real property and premises located at 857 Lincoln Place, Brooklyn, New York 11216, and all proceeds traceable thereto;

(xi)    the real property and premises located at 369 Thompkins Avenue, Brooklyn, New York 11216, and all proceeds traceable thereto;

(xii)   the real property and premises located at 442 Quincy Street, Brooklyn, New York 11221, and all proceeds traceable thereto;

(xiii)  the real property and premises located at 114 Adelphi Street, Brooklyn, New York 11205, and all proceeds traceable thereto;

(xiv)   the real property and premises located at 981 Hancock Street, Brooklyn, New York 11221, and all proceeds traceable thereto;

(xv)    the real property and premises located at 313 Van Buren Street, Brooklyn, New York 11221, and all proceeds traceable thereto;

(xvi)   the real property and premises located at 282 Schaefer Street, Brooklyn, New York 11237, and all proceeds traceable thereto;

(xvii)  the real property and premises located at 218 Quincy Street, Brooklyn, New York 11216, and all proceeds traceable thereto;

(xviii) the real property and premises located at 181 Schaefer Street, Brooklyn, New York 11207, and all proceeds traceable thereto;

(xviiii) the real property and premises located at 40 Schaefer Street, Brooklyn, New York 11207, and all proceeds traceable thereto;

(xx)    the real property and premises located at 960 St. Marks Avenue, Brooklyn, New York 11213, and all proceeds traceable thereto;

(xxi)    the real property and premises located at 3703 Church Avenue, Brooklyn, New York 11203, and all proceeds traceable thereto;

(xxii)    the real property and premises located at 255 Covert Street, Brooklyn, New York 11207, and all proceeds traceable thereto;

(xxiii)    the real property and premises located at 629A Madison Street, Brooklyn, New York 11221, and all proceeds traceable thereto;

(xxiv)    the real property and premises located at 41 Bruckner Blvd., Bronx, New York 10454, and all proceeds traceable thereto;

(xxv)    the real property and premises located at 980 Dekalb Avenue, Brooklyn, New York 11221, and all proceeds traceable thereto;

(xxvi)    the real property and premises located at 1578 Eastern Pkwy., Brooklyn, New York 11233, and all proceeds traceable thereto;

(xxvii)    the real property and premises located at 631 Coster Street, Bronx, New York 10474, and all proceeds traceable thereto;

(xxviii)    the real property and premises located at 635 Coster Street, Bronx, New York 10474, and all proceeds traceable thereto;

(xxix)    the real property and premises located at 2131 Bruckner Blvd., Bronx, New York 10472, and all proceeds traceable thereto;

(xxx)    the real property and premises located at 436 E. 141 Street, Bronx, New York 10454, and all proceeds traceable thereto;

(xxxi)    the real property and premises located at 431 Bainbridge Street, Brooklyn, New York 11233, and all proceeds traceable thereto; and

(xxxii)    the real property and premises located at 9 Covert Street, Brooklyn, New York 11207, and all proceeds traceable thereto

(items (i) through (xxxii), collectively, the "Subject Properties"), as property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of

the defendant's violation of 18 U.S.C. § 1349 and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 982(b)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Properties.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to U.S. Customs & Border Protection with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing  (the "Due Date"). The forfeiture of the Subject Properties, except for properties listed in items (i) through (viii), will be credited towards the Forfeiture Money Judgment.

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Properties, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4.     The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Properties in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Properties as a substitute for published notice as to those persons so notified.

5.     Any person, other than the defendant, asserting a legal interest in the Subject Properties may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Subject Properties must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.     The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Properties or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Properties and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps

are necessary to ensure that clear title to the Subject Properties passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Properties to the United States. Further, if any third party files a claim to the Subject Properties, the defendant will assist the government in defending such claims. If the Subject Properties or Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Properties, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

7.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders

of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.    The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.  The United States alone shall hold title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10.    The forfeiture of the Subject Properties and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11.    This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.    This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.    The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to the United States Attorney's Office, Eastern

District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East,

Brooklyn, New York 11201.

Dated:   Brooklyn, New York

     <u>February 10, 2023</u>, 2022

SO ORDERED:

<u>*S/MArgo k. Brodie*</u>

HONORABLE MARGO K. BRODIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK